Michael L. Rodenbaugh - California Bar No. 179059
Marie E. Richmond - California Bar No. 292962
RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104
(415) 738-8087

Attorneys for Plaintiff ZERO MOTORCYCLES, INC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZERO MOTORCYCLES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NIKOLA MOTOR COMPANY, LLC, a Utah limited liability company, NIKOLA POWERSPORTS, LLC, a Utah limited liability company, and NIKOLA CORPORATION, a Utah corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>1. Federal Trademark Infringement<br>2. State Trademark Infringement<br>3. Federal Unfair Competition<br>4. State Unfair Competition<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ZERO MOTORCYCLES, Inc., ("Plaintiff"), by and through its attorneys, states the following for its Complaint against Defendants NIKOLA MOTOR COMPANY, LLC, NIKOLA POWERSPORTS, LLC, and NIKOLA CORPORATION (collectively, "Defendants"):

**NATURE OF THE CASE**

1. This is an action at law and in equity for trademark infringement, and unfair competition arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1125 *et seq.* (the "Lanham Act"), California Business and Professions Code § 14200 *et seq.* ("Model

COMPLAINT
Case No.

State Trademark Law"), California Business and Professions Code § 17200 *et seq.* (California Unfair Competition Law), and federal and state common law.

2. Plaintiff extensively and exclusively has used the coined term ZERO as a trademark in connection with its electric motorcycle products for over ten years, since June, 2007. Plaintiff's ZERO MOTORCYCLES trademark is the subject of an incontestable federal registration issued in 2009, has garnered an extraordinary and consistent amount of mainstream and industry press about its revolutionary electric motorcycles, has won many industry accolades, and, consequently, is widely known among U.S. consumers as an indicator of the quality and source of Plaintiff's electric motorcycles.

3. Plaintiff also has extensively used and registered a family of ZERO-formative trademarks, designating the various models of electric motorcycles sold by Plaintiff. These marks include, without limitation, ZERO DSP, ZERO DSR, ZERO FX, ZERO FXP, ZERO FXS, ZERO MMX, ZERO MX, ZERO S, and ZERO SR. (Collectively, with the ZERO MOTORCYCLES mark, "Plaintiff's Marks".)

4. Long after Plaintiff's products were established in the marketplace for electric all-terrain vehicles, under the Plaintiff's Marks, Defendants engaged in trademark infringement and unfair competition by using and attempting to register confusingly similar trademarks in connection with Defendants' promotion, manufacture and sale of an electric powered all-terrain vehicle that they have named the NIKOLA ZERO. Defendants' use of the NIKOLA ZERO mark for goods related to Plaintiff's, marketed to the same or similar customers in overlapping channels of trade, is an intentional effort to mislead and confuse consumers and the public and to trade on Plaintiff's substantial goodwill in the ZERO mark.

**JURISDICTION AND VENUE**

5. Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), and the Lanham Act, 15 U.S.C. § 1125, giving this Court original and

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

2

exclusive jurisdiction in a civil action arising under the trademark laws of the United States. Pendent jurisdiction exists over the state law claims.

6. This Court has personal jurisdiction over the Defendants because Defendants have purposefully availed itself to this forum through general business presence, and by specifically targeting its wrongful conduct at Plaintiff with knowledge of Plaintiff's locus in this jurisdiction.

7. Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendants and because Plaintiff's claims arise from Defendants' activities in and/or targeted to this District.

## THE PARTIES

8. Plaintiff is a Delaware corporation with its principal place of business at 380 El Pueblo Road, Scotts Valley, CA 95066.

9. Upon information and belief, Defendants are Utah limited liability companies and a Utah corporation, all with the same principal place of business at 1130 S. 3800 West, Suite 200, Salt Lake City, UT 84104.

## FACTUAL BACKGROUND

### Plaintiff's Business and Trademarks

10. Plaintiff is an electric motorcycle manufacturer and seller located in Scott's Valley, California. Plaintiff combines the best aspects of traditional motorcycles with today's most advanced technology. Plaintiff produces high performance electric motorcycles that are lightweight, efficient, and powerful, including several different models of off-road, all-terrain vehicles.

11. Plaintiff provides a website advertising and selling motorcycles, as well as providing information about its many authorized dealerships around the world.

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

12. Plaintiff first began using its ZERO trademark in U.S. commerce at least as early as June, 2007. Since that time, consumers have come to associate Plaintiff's Mark with Plaintiff.

13. Plaintiff owns United States federal trademark registrations for Plaintiff's Marks, including:

    a. ZERO MOTORCYCLES, registration no. 3669900, in Class 12;
    b. ZERO DS, registration no. 4489903, in Class 12;
    c. ZERO MX, registration no. 4590623, in Class 12;
    d. ZERO S, registration no. 4489899, in Class 12;
    e. ZERO FX, registration no. 4925052, in Class 12;
    f. ZERO SR, registration no. 5076013, in Class 12;
    g. ZERO DSP, registration no. 5080281, in Class 12;
    h. ZERO FXP, registration no. 5084632, in Class 12;
    i. ZERO SP, registration no. 5084633, in Class 12;
    j. ZERO MMX, registration no. 5186862, in Class 12;
    k. ZERO FXS, registration no. 5246838, in Class 12;
    l. ZERO DSR, registration no. 5246839, in Class 12.

Copies of Plaintiff's U.S. trademark registrations are attached as Exhibit A.

14. Plaintiff has also accrued strong common law rights in Plaintiff's Marks, including the ZERO mark, as a result of Plaintiff's extensive, exclusive and continuous use throughout the United States and around the globe, in connection with Plaintiff's electric motorcycles (including without limitation its all-terrain motorcycles). Photos of Plaintiff's all-terrain motorcycles are attached as Exhibit B.

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

4

Defendants' Business and Infringing Activities

15. Defendants have acted in concert to adopt, advertise, and promote the confusingly similar NIKOLA ZERO mark in connection with an electric-powered all-terrain vehicle, purportedly to be produced, distributed and sold by Defendants' in 2018. Photos of Defendants' purported NIKOLA ZERO vehicle, from Defendants' website, are attached as Exhibit C.

16. Defendants announced in a press release on August 15, 2017, that they would begin to accept deposits of $750 from prospective buyers of the purported NIKOLA ZERO vehicle. A copy of that press release, and of Defendants' webpage which describes the ATV and offers to accept money deposits, and resulting sign-in page, is attached as Exhibit D. Anyone would readily note from the webpages that Defendants use the ZERO mark separately from the NIKOLA mark; prominently via the "lightning bolt" separator and the 'TM' symbol for unregistered trademarks, appended to the ZERO mark. Moreover, Defendants created the call to action of the website, displayed permanently at the right hand, top of the page even as the user scrolls down the page -- "Reserve Your Zero". Clicking that button, one is taken to a page which gathers personal information, and is branded simply NIKOLA™ with no mention of the ZERO mark. Indeed, the NIKOLA mark is prominently and solely displayed at the top of every page of the website, further proving it is separate from the ZERO mark.

17. Defendants act in concert with respect to the advertising, promotion and sale of the NIKOLA ZERO all-terrain vehicle, insofar as the press release says the vehicle is offered by "Nikola Powersports", the website that promotes and accepts deposits appears to be controlled by "Nikola Corporation", and many other press outlets attribute the vehicle to "Nikola Motors". All three entities are Utah entities at the identical physical address, with the same registered agent and (upon information and belief) the same CEO Trevor Milton and General Counsel Britton Worthen.

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

5

18. Defendants' press release and outreach, activities at trade shows, and acceptance of deposits for the prospective NIKOLA ZERO all-terrain vehicle are all very recent activities intended to associate the Defendants' future all-terrain vehicle with the Plaintiff's Marks.

19. Upon information and belief, Defendants intend to create the impression with the consuming public that the Defendant's all-terrain vehicle originates with, is produced by, is licensed by, or is sponsored in some way by Plaintiff. However, in fact, Plaintiff does not now have, nor has it ever had, any connection with the manufacture or sale of the goods of Defendants. Plaintiff has never produced goods for Defendants, and Plaintiff has never licensed or approved of the designation NIKOLA ZERO, or any other ZERO-formative mark, for any sort of electric all-terrain vehicle.

20. The NIKOLA ZERO, as used by Defendants, so resembles Plaintiff's Marks as to be likely, when applied to Defendants' electric all-terrain vehicle, to cause confusion, or to cause mistake, or to deceive.

21. Prior to the commencement of this action, Plaintiff duly advised Defendants of Plaintiff's claims with respect to Defendants' use of the NIKOLA ZERO designation, by correspondence to their General Counsel, Mr. Britton Worthen, dated May 12, 2016. Subsequently, until very recently, there appeared to be little promotional or production effort as to the ZERO model, with Defendants' press releases and trade show activities focused on Defendants' much more expensive lines of commercial, electric trucks – branded ONE, and TWO, respectively. Defendants claimed to have $2.3 billion dollars in pre-orders for one line of electric trucks, and yet had not taken any pre-orders for the ZERO model.

22. However, it now appears that Defendants have not ceased efforts to promote and produce the ZERO model, and that they intend to proceed despite Plaintiff's strong and prior trademark rights. Plaintiff recently learned that Defendants recently have engaged in substantial press outreach, and now are accepting hard money deposits from prospective

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

6

purchasers. Thus, Defendants' dramatically and presently have expanded their use of the NIKOLA ZERO mark to promote and sell their all-terrain vehicle, despite Plaintiff's clear warning. And Defendants' apparently will continue to do so indefinitely into the future, unless and until enjoined by this Court.

23. Furthermore, after Plaintiff's notification to Defendants of Plaintiff's exclusive rights in the Plaintiff's Marks, Defendants' counsel (on behalf of a dissolved entity, Bluegentech LLC) applied for a federal registration of the trademark NIKOLA ZERO in connection with electric powered all-terrain vehicles. Plaintiff has timely opposed that application before the Trademark Trial & Appeal Board, but will move to suspend the TTAB proceeding in lieu of this federal action. The TTAB routinely grants such motions, in deference to the federal courts.

24. Upon information and belief, the use and attempted registration of the mark NIKOLA ZERO by Defendants as aforesaid was done and continues to be done with the purposes of: injuring Plaintiff; deceiving, misleading, imposing upon, and confusing the public in general; depriving Plaintiff of its trade; obtaining the benefit of Plaintiff's reputation, goodwill, and advertising; and inducing the public to believe that Defendants are connected with Plaintiff, or believe that Defendants; business is authorized by Plaintiff, or believe that Plaintiff has authorized Defendants to use the designation NIKOLA ZERO.

25. Defendants cannot be allowed to continue their efforts to establish a ZERO-branded all-terrain vehicle, when Plaintiff has developed, promoted and sold thousands of ZERO-branded all-terrain vehicles over more than ten years in business, has achieved much public, industry and press recognition of its ZERO-branded motorcycles, and also has registered its ZERO marks with the USPTO, beginning in 2007.

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

**CLAIMS FOR RELIEF**
**COUNT I: FEDERAL TRADEMARK INFRINGEMENT**

26. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

27. Plaintiff's Marks are valid and legally protectable. Indeed, Plaintiff's ZERO MOTORCYCLES mark is incontestable, and well-known. Plaintiff began using the ZERO MOTORCYCLES mark in commerce as early as June, 2007. Plaintiff has continually used that mark, and other of the Plaintiff's Marks, continuously and exclusively in U.S. commerce since then.

28. Plaintiff owns the Plaintiff's Marks. Plaintiff's use of Plaintiff's Marks predates that of Defendant by more than ten years.

29. Plaintiff avers that the prospective, all-terrain vehicle purchasing public will likely be, and has been, confused and deceived into believing that Defendant's electric powered all-terrain vehicle, bearing the designation NIKOLA ZERO, is part of Plaintiff's longstanding and well-known electric motorcycle business, and/or is a product authorized by Plaintiff, and/or that the ATV originating from Defendant will be of the same quality as the Plaintiff's electric motorcycles.

30. Plaintiff's ZERO-branded electric motorcycles are marketed through the same trade channels as Defendant's infringing ATV, are offered for sale to the public through Plaintiff's website (just as the NIKOLA ZERO is offered through the Defendants' website), and are purchased by the same prospective customers as might be interested in the NIKOLA ZERO all-terrain vehicle.

31. Plaintiff's Marks leave the same commercial impression on the public as does the NIKOLA ZERO mark. Vehicles are commonly called by their model name and/or their manufacturer name, but not often do consumers use both names. Plaintiff has a family of ZERO-formative marks corresponding to its model designations. Only the most avid consumers would know the difference between a ZERO S and a ZERO MMX bike; the vast

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

8

majority refer to both as ZERO electric motorcycles, which have been on the market for ten years and have achieved much public fanfare.

32. Now, prospective consumers are confronted in the same trade channels with the purported NIKOLA ZERO electric all-terrain vehicle, which looks strikingly similar to the ZERO family of electric motorcycles, and even uses a logo font and black/white color scheme nearly identical to Plaintiff's logo font and color scheme.  Nikola Motors is a new company, with very little public recognition – nobody knows the "Nikola" name, or who they are or what they do.  And so many people mistakenly will assume the NIKOLA ZERO electric vehicle is in fact a new vehicle from Plaintiff's line of ZERO electric vehicles, or at least is licensed or otherwise authorized by Plaintiff.  The visual similarities of the two marks and the physical and design similarities of the electric vehicles, increases the likelihood of public confusion.

33. Moreover, Defendants have demonstrated a bad faith intent to profit from Plaintiff's Marks, as Defendants knew of Plaintiff's rights in such marks before Defendant filed its trademark application, and before Defendant engaged in its recent press outreach and began accepting hard money deposits for its ATV.

34. As a result of the foregoing, Plaintiff has been, and now is, willfully damaged by Defendants, including without limitation the damage inherent in Plaintiff's time, effort and attorneys' fees and costs in taking action against Defendants' willful infringement.  Unless and until restrained, Defendants further and irreparably will impair, if not destroy, Plaintiff's Marks and goodwill.  Thus, Plaintiff has no adequate damages remedy, and so an injunction is required to restrain Defendants from causing consumer confusion and resultant damage to Plaintiff's Marks.

**COUNT II: CALIFORNIA TRADEMARK INFRINGEMENT**

35. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

9

36. Plaintiff's rights in Plaintiff's Marks are valid and legally protectable. Plaintiff began using Plaintiff's Marks in commerce since at least as early as June, 2007, and has continually used them since that date.

37. Plaintiff's use of the infringing mark predates that of Defendants by over ten years.

38. Defendants introduced their confusingly similar variation of Plaintiff's Mark with knowledge of Plaintiff's prior rights to the ZERO mark.

39. Defendants' actions to use the infringing mark to identify Defendant's electric all-terrain vehicle demonstrates an intent to trade on the goodwill associated with the ZERO family of marks used in connection with electric motorcycles for more than ten years. Defendants have acted with the intention to cause confusion, cause a mistake or deceive people as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of the Defendants' vehicle by Plaintiff.

40. Defendants' use of the Plaintiff's Mark is in contravention of California's statutory trademark law, Cal. Bus. & Prof. Code Sec. 14200 *et seq.*.

41. Defendants' acts also constitute common-law trademark infringement and unfair competition under California state law, and have created and will continue to create a likelihood of confusion to the irreparable injury of Plaintiff unless and until restrained by this Court.

42. Moreover, Defendants have demonstrated a bad faith intent to profit from Plaintiff's Marks. Defendants knew of Plaintiff's rights in such marks before Defendant applied for trademark registration, expanded its press outreach, and began accepting hard-money deposits for the infringing all-terrain vehicle.

43. As a result of the foregoing, Plaintiff has been, and now is, willfully damaged by Defendants, including without limitation the damage inherent in Plaintiff's time, effort and attorneys' fees and costs in taking action against Defendants' willful infringement.

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

Unless and until restrained, Defendants further and irreparably will impair, if not destroy, Plaintiff's Marks and goodwill. Thus, Plaintiff has no adequate damages remedy, and so an injunction is required to restrain Defendants from causing consumer confusion and resultant damage to Plaintiff's Marks.

## COUNT III: FEDERAL UNFAIR COMPETITION

44.  Plaintiff incorporates each of the foregoing paragraphs as fully set forth herein.

45.  Defendants' wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injures its business, in violation of 15 U.S.C § 1125 *et seq.* (the Lanham Act) of the United States Code.

46.  As a result of the foregoing, Plaintiff has been, and now is, willfully damaged by Defendants, including without limitation the damage inherent in Plaintiff's time, effort and attorneys' fees and costs in taking action against Defendants' willful infringement. Unless and until restrained, Defendants further and irreparably will impair, if not destroy, Plaintiff's Marks and goodwill. Thus, Plaintiff has no adequate damages remedy, and so an injunction is required to restrain Defendants from causing consumer confusion and resultant damage to Plaintiff's Marks.

## COUNT IV: CALIFORNIA UNFAIR COMPETITION

47.  Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

48.  Defendants' wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injures its business, in violation of Section 17200 *et seq.* of the California Business and Professions Code, in violation of California and federal common law, and in violation of California common and statutory law.

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

11

49.     As a result of the foregoing, Plaintiff has been, and now is, willfully damaged by Defendants, including without limitation the damage inherent in Plaintiff's time, effort and attorneys' fees and costs in taking action against Defendants' willful infringement. Unless and until restrained, Defendants further and irreparably will impair, if not destroy, Plaintiff's Marks and goodwill.  Thus, Plaintiff has no adequate damages remedy, and so an injunction is required to restrain Defendants from causing consumer confusion and resultant damage to Plaintiff's Marks.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

A.  A finding that Defendants are infringing upon Plaintiff's Marks;

B.  A preliminary and permanent injunction requiring Defendants, and anyone acting in concert with Defendants (including without limitation Mr. Trevor Milton (CEO) and Mr. Britton Worthen (General Counsel)), from using any ZERO-formative mark in connection with Defendants' electric all-terrain vehicle or any related products;

C.  A preliminary and permanent injunction requiring Defendants, and anyone acting in concert with Defendants, to withdraw their pending USPTO trademark application, and to never attempt to register any ZERO-formative mark in connection with any vehicle, anywhere in the world;

D.  An accounting of Defendants' revenues and profits from acceptance of hard-money deposits for purchase of the infringing ATV product;

E.  A judgment in favor of Plaintiff for damages sustained as a result of Defendant's willful and wrongful actions as alleged in this Complaint;

F.  An award of reasonable attorneys' fees and expenses, and costs of this exceptional case; and,

COMPLAINT
Case No.

Rodenbaugh Law
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

12

1  G. Such other and further relief as the Court may deem just and proper.

2  **JURY DEMAND**

3  Plaintiff respectfully requests trial by jury as to all issues so triable.

RESPECTFULLY SUBMITTED,

DATED:  September 15, 2017           By: /s/ *Mike Rodenbaugh*

Mike Rodenbaugh, Esq.
RODENBAUGH LAW
584 Market Street
San Francisco, CA  94104
Tel/fax:  (415) 738-8087

Attorneys for Plaintiff Zero Motorcycles, Inc.

COMPLAINT
Case No.

**Rodenbaugh Law**
548 Market Street – Box 55819
San Francisco, CA 94104
Tel/fax: (415) 738.8087

13