UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZERO MOTORCYCLES, INC., <br> Plaintiff, <br> v. <br> NIKOLA MOTOR COMPANY, et al., <br> Defendants. | Case No. 17-cv-05370-MEJ <br><br> **ORDER RE: MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS** <br><br> Re: Dkt. No. 24 |

Zero Motorcycles, Inc. filed this action against Nikola Motor Company, Nikola Powersports, and Nikola Corporation on September 15, 2017. Compl., Dkt. No. 1. Pending before the Court is Defendants' Motion to Dismiss the action for insufficiency of service of process under Federal Rule of Civil Procedure 4(m). Mot., Dkt. No. 24. The Court finds the matter suitable for disposition without oral argument and vacates the April 19, 2018 hearing. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). For the following reasons, the Court **DENIES** the Motion.

## BACKGROUND

On November 1, 2017, Plaintiff filed a certificate of service indicating "[s]ervice was accomplished by email, per written agreement between" counsel and was deemed complete on October 25, 2017. COS, Dkt. No. 12. Shortly thereafter, the parties filed a stipulation, explaining they agreed to extend the time for Defendants to file their response by December 20, 2017, and asking the Court to extend case management deadlines to allow the parties to participate in private mediation at the end of November 2017. First Stip., Dkt. No. 13. The mediation was not successful. First Status Rept., Dkt. No. 15. The Court ordered the parties to file another status report indicating whether they planned to engage in further mediation efforts or whether they believed it would be more productive to hold a case management conference. First Status Rept.

Order, Dkt. No. 16. The parties did not file the requested status report, and the Court ordered the parties to show cause why the case should not be dismissed for failure to prosecute and comply with court deadlines. OSC, Dkt. No. 17. In the OSC, the Court noted Defendants still had not responded to the Complaint, and that Plaintiff had not sought entry of default. *Id.*

On January 10, 2018, Plaintiff responded to the OSC and explained the parties were "in regular discussion toward a settlement agreement and dismissal of this lawsuit, and hope to achieve that goal prior to next deadlines the court will set in this matter." OSC Resp., Dkt. No. 18. The Court discharged the OSC and ordered Plaintiff to file a dismissal or further status report no later than February 8, 2018. Second Status Rept. Order, Dkt. No. 19.

Plaintiff timely filed a status report, explaining settlement discussions were halted and that Plaintiff concurrently would file a request for entry of default. Second Status Rept., Dkt. No. 20; Mot. for Entry of Default, Dkt. No. 21. The Clerk declined entry of default because service of process had not been perfected pursuant to Rule 4. Declination, Dkt. No. 22. Plaintiff filed a proof of service indicating service was accomplished by mailing copies of the complaint, summons, and notice & acknowledgment of receipt of summons to Defendants in Utah by U.S. first class mail on February 16, 2018. Second COS, Dkt. No. 23.

Defendants make a limited appearance to move to dismiss the action for insufficiency of service of process. *See* Mot. Defendants argue Plaintiff did not accomplish valid service within 90 days of filing the Complaint (and as of the date of filing the Motion, still had not done so), and ask the Court to dismiss the action pursuant to Rule 4(m). *Id.* A failure to fulfill service requirements serves as grounds for dismissal of the action. Fed. R. Civ. P. 12(b)(5).

On March 21, 2018, Plaintiff opposed the motion (Opp'n, Dkt. No. 30) and filed certificates of service showing Plaintiff personally served each Defendant by leaving copies of the summons with a registered agent for service of process (Nikola Corp. COS, Dkt. No. 27; Nikola Motor Co. COS, Dkt. No. 28; Nikola Powersport COS, Dkt. No. 29). Plaintiff asks the Court not to dismiss the action because "[s]imply put, there is no point in dismissing this action without prejudice, when it could and would be refiled the next day. That would be a clear waste of judicial resources and of Plaintiff's resources." Opp'n at 3. Plaintiff points out that Defendants have been

aware of the lawsuit since its inception, and have suffered no prejudice as a result of Plaintiff's failure to perfect service. It also argues that the delay was not due to failure or inattention, but to Plaintiff's good faith belief service had been accomplished. *Id.* In their Reply, Defendants appear to concede the March 20, 2018 service was effective, but continue to seek dismissal because the 90-day service deadline "had already expired by more than three (3) months by the time the first attempt at valid service was made." Reply at 2-3, Dkt. No. 31.

**DISCUSSION**

In pertinent part, Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A court is required to extend the time for service if the plaintiff shows good cause for failing to serve the summons and complaint within the Rule 4(m) deadline. *De Tie v. Orange Cty.*, 152 F.3d 1109, 1111 (9th Cir. 1998). At minimum, "good cause" equates with the "excusable neglect" standard courts apply under Rule 6(b). *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In the Ninth Circuit, "a plaintiff may be required to show the following factors in order to bring an excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette*, 923 F.2d at 756); *see also Television Signal Corp. v. City & Cty. of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000) ("Good cause generally means plaintiff attempted service but did not complete it; plaintiff was confused about the requirements for service; or plaintiff was prevented from serving defendants by factors beyond his control. It is examined by considering: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred; (2) whether defendant has been prejudiced by the delay; or (3) whether plaintiff has moved for an

enlargement of time to effect service under FRCP 6(b).").[1] Although flexibility is important in wielding Rule 4(m) (*Electric Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992)), Rule 4(m) also requires diligence on the part of plaintiffs (*Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (if failure to calendar service deadline constitutes "'good cause', the good cause exception will swallow the rule.")).

Applying *Sheehan*, the Court finds Plaintiff has not shown good cause for failing to serve Defendants within 90 days of filing the Complaint. There is no dispute as to the first factor: Defendants received actual notice of the lawsuit shortly after it was filed, and entered into substantive discussions regarding the litigation no later than October 4, 2017. Edwards Decl. ¶ 2, Dkt. No. 24-1. The parties participated in mediation to attempt to settle the dispute informally, and entered into a "stand still" agreement pending those efforts. *See id.* ¶¶ 2-3 & Ex. 3; *see also supra*. After the settlement efforts failed, Plaintiff sought entry of default against Defendants rather than extend the stand still agreement to allow Plaintiff to perfect service and/or allow Defendants to respond. As to the second factor, Defendants do not argue they would suffer any prejudice. *See* Mot.; *see also* Reply, Dkt. No. 31. On this record, the undersigned cannot find that Defendants would suffer any prejudice if the time for service was extended until March 20, 2018. But lack of prejudice to Defendants alone is not sufficient to establish good cause. *See United States v. 2,164 Watches*, 366 F.3d 767, 773 n.2 (9th Cir. 2002). As to the third factor, Plaintiff does not show it would be prejudiced if the complaint were dismissed in any way, except for needing to pay a second filing fee and incur additional costs to serve the new summons and complaint. This is insufficient to establish severe prejudice to Plaintiff. *See, e.g.*, *Malibu Media LLC v. Doe*, 2016 WL 3383759, at *3 (N.D. Cal. June 20, 2016) (costs associated with refiling only establish minimal prejudice).

To the extent Plaintiff argues good cause exists because its counsel believed service had been accomplished, that argument fails. Neither an attorney's ignorance of the rules of service, inadvertence of counsel, nor secretarial misdeeds constitute "good cause" under Rule 4(m). *See*

---

[1] To the extent Defendants rely on out-of-circuit authorities that apply a different standard (*see* Reply at 2-3), the Court follows Ninth Circuit authority.

*Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987); *Hart v. United States*, 817 F.2d 78, 81 (9th Cir. 1987); *Reynolds v. United States*, 782 F.2d 837 (9th Cir. 1986) (affirming dismissal of action for failure to timely effectuate service: the district court "considered all of counsel's protestations of good faith, but they boiled down to the fact that he had failed to read the Rules of Civil Procedure. In dismissing the complaint without prejudice, the court left the plaintiff free to start over, if he had the time and inclination to do so. This was not an abuse of discretion.").

The Court agrees that Plaintiff has not shown good cause for failing to accomplish service on Defendants within the 90-day deadline. However, even where no good cause is shown, district courts have broad discretion to extend the time for service. *In re Sheehan*, 253 F.3d at 513; *see also Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (Rule 4(m) "*permits* the district court to grant an extension even in the absence of good cause" and "[d]istrict courts have broad discretion" to do so) (emphasis in original). In determining whether to exercise its discretion to extend the time for service, the Court considers factors such as the statute of limitations bar, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Efaw*, 473 F.3d at 1041. Here, there is no statute of limitations bar; no party will be prejudiced if the deadline for service is extended until March 20, 2018 – the date when Plaintiff finally served Defendants personally; and Defendants have had actual notice of, and have informally litigated, the lawsuit since shortly after the Complaint was filed. Given these facts, and keeping in mind Rule 1, the Court DENIES the Motion to Dismiss under Rule 4(m). *See Furtado v. United Rentals, Inc.*, 2015 WL 4452502, at *9 (N.D. Cal. July 20, 2015) (denying motion to dismiss under Rule 4(m) where delay in service was in the order of a few months, defendant would suffer no prejudice and had been aware of lawsuit since it was filed less than a year prior, and plaintiffs had effectively served defendant).

## CONCLUSION

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of

5

a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citations omitted). Effective service was not made, and the Court could not exercise power over Defendants, until March 20, 2018.

Defendants shall respond to the Complaint within 21 days of the date of this Order. In light of the background of this case, the Court sua sponte exercises its discretion to consider successive Rule 12 motions should Defendants choose to file such a motion. *See Thompson v. Stanford Univ.*, 2017 WL 2772033, at *4 (N.D. Cal. June 26, 2017) ("In light of the fact that Stanford has not presented a prior Rule 12(b)(6) motion and thus has not tested the pleadings and the fact that such consideration whether Plaintiff has properly pled her claims will assist the Court in its management of the case, the Court will exercise it discretion to allow Stanford to file its intended Rule 12 motion. The Court has also considered its liberal application of the rules in allowing Thompson additional time to serve the complaint where she lacked good cause. Thus, the Court does exercise its discretion to consider a successive motion.").

The Court is not presently in a position to address Defendants' contention that Plaintiff has learned through settlement negotiations that certain allegations in the Complaint are false, or their argument that Plaintiff's reliance on the Complaint as currently pleaded could expose it to Rule 11 sanctions. *See* Mot. at 8. The Court encourages the parties to meet and confer in good faith forthwith to determine whether the filing of an amended complaint is desirable, and to stipulate to such a filing, well before Defendants' responsive pleading is due.

**IT IS SO ORDERED.**

Dated: April 6, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge